UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CLIFFORD E. JONES,

    Defendant.
_____/

Case No. 11-11319
District Judge Patrick J. Duggan
Magistrate Judge Laurie J. Michelson

**REPORT AND RECOMMENDATION ON DEFENDANT'S REQUEST FOR HEARING ABOUT THE GARNISHMENT AND CLAIM FOR EXEMPTIONS**

This is a student loan case in which the United States ("Plaintiff" or "Government") obtained a default judgment in the amount of $ 2412.14 against Defendant Clifford E. Jones ("Defendant" or "Jones") on July 27, 2011, after he failed to answer or appear in this action. (Dkt. 6.) When the Government sought to collect on the Judgment by directing a Writ of Garnishment to the Michigan Department of Treasury, Jones, acting *pro se*, filed a request for hearing about the garnishment and a claim for exemptions. (Dkts. 9, 11, 12.) The matter was referred to this Court for a hearing pursuant to 28 U.S.C. § 636(b)(3). (Dkt. 13.) The Government filed a Response (Dkt. 14) to Jones' request and the Court held a hearing on December 1, 2011.

For the reasons set forth below and on the record at the hearing, the Court RECOMMENDS that the garnishment be permitted and Defendant's claim for exemption DENIED WITHOUT PREJUDICE.[1]

---

[1] This Court will proceed by Report and Recommendation on Plaintiff's post-judgment objections to garnishment. *See United States v. Beamon*, No. 09-11727, 2009 U.S. Dist. LEXIS 123092, *2 (E.D. Mich. Jan. 13, 2010) (citations omitted) *obj. overruled by* 2010 U.S. Dist. LEXIS 2628 (E.D. Mich. Jan. 13, 2010)*; United States v. Wells,* 2006 U.S. Dist. LEXIS 83130 (E.D. Mich. July 20, 2006).

**I.    BACKGROUND**

On March 30, 2011, the Government filed its Complaint seeking a Judgment against Defendant for unpaid student loans taken in 1982 and 1983. (Dkt. 1, Compl.) While Defendant was confused as to whether he received the Complaint, the docket indicates that he was personally served on June 26, 2011. (Dkt. 3.) After Defendant failed to respond to the Complaint, Plaintiff requested and obtained a Clerk's Entry of Default (Dkt. 7) as well as a Default Judgment in the amount of $2412.14, which was entered on July 27, 2011. (Dkt. 6.) Copies of the Default and Default Judgment were served on Defendant on September 6, 2011. (Dkt. 10.) Defendant did not object or take any other action on the Default Judgment. Thereafter, in an attempt to collect on the judgment, Plaintiff obtained a Writ of Continuing Garnishment directed to the Michigan Department of Treasury. (Dkts. 9, 11.) To date, the Department of Treasury has not filed a response. (Dkt. 14, Pl. Resp. at 2.)

On October 26, 2011, Defendant filed a "Request for hearing about the garnishment and claim for exemptions." (Dkt. 12.) Defendant contends that his property should not be garnished for the following reasons:

> I have not worked since 1999, and I am unable to repay this loan. I'm a disabled [veteran] on a fixed income, which I'm barely able to pay my bills. I was not aware that my tuition was [paid] with the education loan.

(*Id.* at ECF 1.) On the Claim for Exemption Form, Defendant also indicated that he believes his property is exempt from garnishment because it is a veteran's benefit. (*Id.* at ECF 2.) The Government contends that Defendant's allegation that he cannot afford to repay the loan is not a

2

valid objection to the Garnishment and that it is not seeking to garnish any of Defendant's veteran's benefits. (Dkt. 14, Pl. Resp. at 2.)

Moreover, at the hearing, counsel for the Government indicated that if Mr. Jones provided the necessary paperwork to establish that his sole source of income is disability payments, they would refund any garnishment monies received from the State.[2]

## II. ANALYSIS

"A court may issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." 28 U.S.C.A. § 3205(a). A judgment debtor who claims exemption from a writ of garnishment bears the burden of proving that he is entitled to the exemption. 28 U.S.C. § 3014(b)(2); *U.S. v. Sawaf,* 74 F.3d 119, 122 (6th Cir. 1996).

Defendant contends that he is unable to repay the loan and his Veteran's benefits are statutorily exempt. In a similar case involving a judgment debtor's objection to the writ of garnishment "because he has a limited income," the District Court held, "Although the Court realizes that [defendant] faces economic difficulties, those difficulties do not provide a sufficient basis to exempt him from the writ." *U.S. v. Wells*, No. 06-10589, 2006 U.S. Dist. LEXIS 83124, at *6-7 (E.D. Mich. Nov. 3, 2006). Plaintiff has also represented that "the Writ of Garnishment is directed to the Michigan Department of Treasury for Defendant's state income tax refund." (Dkt. 14, Pl. Resp. at 2, n.1.) There is nothing in the record that suggests Plaintiff is seeking to garnish

---

[2]Defendant also indicated that he thought the loan had been paid off under the GI Bill. There has been no challenge to the default judgment, nor has it been set aside, and therefore any argument regarding the validity of the debt is not properly before the Court.

any of Defendant's Veteran benefits. Thus, this Court finds that, on the current record, Defendant has not established an entitlement to any statutory exemption.

During the hearing, however, the Government advised the Court that there is a form the Defendant can fill out to establish certain disability information that may impact the Government's collection efforts – including the refunding of any money received from the outstanding writ. *See also* "Discharge Application: Total and Permanent Disability," available at http://www2.ed.gov/offices/OSFAP/DCS/forms/disable.pdf (last visited Dec. 1, 2011) (Department of Education form advising student loan recipients who have become disabled or who are veterans determined to be unemployable due to a service-connected disability of the information they need to provide to discharge their loans). The Court directed Defendant to provide the requested information and indicated that he could seek a future hearing, if necessary, to determine the impact of that information on any future collection efforts by the Government. *See U.S. v. Brown*, No. 09-14148, 2010 U.S. Dist. Lexis 38583, at *1-2 (E.D. Mich. Apr. 20, 2010) (noting that, at the objection-to-garnishment hearing, "the Government indicate[d] that, if it can confirm that Defendant is permanently disabled, Plaintiff's loan may be discharged and this action may be resolved").

### III.  CONCLUSION AND RECOMMENDATION

Accordingly, the Court RECOMMENDS allowing the writ of garnishment at issue and DENYING WITHOUT PREJUDICE Defendant's current claim for exemptions.

### IV.  FILING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*,

474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this magistrate judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

                                                        /s Laurie J. Michelson
                                                 LAURIE J. MICHELSON
Dated: December 1, 2011                UNITED STATES MAGISTRATE JUDGE

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on December 1, 2011.

                                                 s/Jane Johnson
                                                 Deputy Clerk